UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAD A. HORTON,

    Plaintiff,

v.

STATE FARM INSURANCE,

    Defendant.
_____/

Case No. 25-cv-10730
Hon. Linda V. Parker

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE (ECF No. 4)

This matter is before the Court on Defendant State Farm Insurance's ("State Farm") motion to transfer venue to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. §1391(b).  (ECF No. 4.)  The motion is fully briefed.  (ECF Nos. 7-8.)  The Court finds that oral argument will not aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the following reasons, the motion to transfer is **DENIED**.

**I.    BACKGROUND**

Horton owns five annual rental units and a cottage located in Zanesfield, Ohio.  Around February 14, 2024, Horton discovered extensive water damage in

rental Unit D at his Ohio property, caused by a burst hot-water line.  State Farm denied coverage for the damage, and, after a series of delays, Horton filed this case in Macomb County Circuit Court seeking recovery for State Farm's alleged breach of his insurance policy.  (ECF No. 7, PageID.46-47.)  State Farm subsequently removed the case to this Court and shortly thereafter filed the current motion to transfer venue to the Southern District of Ohio.  (ECF Nos. 1, 4.)

The facts relevant to the current motion are as follows: Horton lives in Michigan and is both the plaintiff and a witness in this case.  The independent adjuster hired by Horton, Domik Clause, resided in Texas, and the independent appraiser, Frank Campbell, resides in Shelby Township, Michigan.  (ECF No. 7, PageID.48.)  The property at issue is located in Ohio, which is also the location of the claimed loss under the insurance policy.  Defendant is a national insurance company domiciled in Illinois which transacts business nationwide, including in Michigan.  However, State Farm asserts that the insurance policy at issue was issued and administered in Ohio.  (ECF No. 4, PageID.37.)  Horton states that the "contracts for services" were executed in Michigan.  (ECF No. 1-1, PageID.11.)

## II.     STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §

2

1404(a). In ruling on a motion to transfer, the Court examines "whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citing 28 U.S.C. § 1404(a)).

The relevant factors include the "ease of access to sources of proof, availability of compulsory process for unwilling witnesses, and cost of obtaining the attendance of willing witnesses." *Pitt, McGehee, Palmer, Bonnani & Rivers, P.C. v. E. Point Tr. Co.*, 2023 WL 7924705, at *5 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 235 (1981). Additionally, the public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action." *Piper Aircraft*, 454 U.S. at 241, n. 6 (internal quotation marks omitted).

In short, "the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive." *Helder v. Hitachi Power Tools, Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (internal quotation marks omitted)). Typically, the moving party bears the burden of proving the transferee district is a more convenient forum. *Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002).

### III.   ANALYSIS

First, this Court must consider whether the "transferee court is one in which the action could have been brought initially." 28 U.S.C. § 1404(a). State Farm argues that venue is proper in the Southern District of Ohio as the property at issue is located there, the alleged damage occurred there, and the alleged violations of the insurance policy pertain to the Ohio property. (ECF No. 4, PageID.34.) Horton does not contradict State Farm on this point, and the Court ultimately concludes that the case could have originally been brought in the Southern District of Ohio. The Court next considers the parties' preliminary arguments before addressing the 1404(a) factors.

### A.   Waiver and Failure to Cite Authority Arguments

Horton argues that State Farm waived its right to seek transfer when it removed this case. (ECF No. 7, PageID.48.) However, a defendant's ability to seek transfer under § 1404(a) is not subject to waiver. *See Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954 , 958 (M.D. Tenn. 2008); *Flatt v. Aspen Dental Mgmt., Inc.*, No. 18-CV-1278, 2019 WL 6044159, at *2 n.1 (S.D. Ohio Nov. 15, 2019). Horton's objection to the motion on that ground is therefore unsuccessful.

State Farm argues that the motion must be granted because Horton failed to cite binding authority in his response brief. (ECF No. 8, PageID.286.) However, the 1404(a) analysis is highly fact intensive, and Horton addressed the applicable

4

and relevant factors in his response brief. (ECF No. 7.) In short, Horton did more than raise his arguments in a "perfunctory manner" when he addressed each of the 1404(a) factors despite the lack of citation to caselaw. *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). The Court consequently declines to grant the motion solely on the basis that Horton did not cite caselaw or other relevant authority. The Court now turns to the relevant factors under § 1404(a).

### B. § 1404(a) Factors

#### a. Parties' Convenience

Generally, courts "must give foremost consideration to the plaintiff's choice of forum." *Worthington Indus., Inc. v. Inland Kenworth (US), Inc.*, No. 2:19-cv-3348, 2020 WL 1309053, at *2 (S.D. Ohio March 18, 2020) (quoting *W. & S. Life Ins. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 1:11-cv-576, 2011 WL 6372845, at *4 (S.D. Ohio Dec. 20, 2011)). This interest is particularly weighty when the plaintiff resides in the chosen forum. *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Michigan is Horton's choice of forum and his home jurisdiction, which weighs strongly in his favor. However, this alone will not defeat a well-founded motion to transfer. *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 399 (E.D. Mich. 1994).

State Farm argues that Ohio would be a more convenient forum because it "is a national insurance company domiciled in Illinois and transacts business

nationwide, including in Michigan. However, it argues that its business activities in Michigan have no connection to this case and the insurance policy at issue was issued and administered in Ohio. (ECF No. 4, PageID.37.) However, it does not indicate why Ohio specifically would be more convenient, other than the location of evidence which is discussed and considered below. Unlike in *Thomas*, State Farm is not domiciled in the proposed transferee venue and there is no indication that Ohio would be significantly more convenient for it. *See Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). For those reasons the convenience of the parties weighs in Horton's favor.

### b. Witnesses' Convenience

Horton identifies three specific witnesses: (1) himself; (2) Domik Clause, who resided in Texas; and (3) Frank Campbell, who resides in Shelby Township, Michigan. (ECF No. 7, PageID.48.) State Farm identifies no specific witnesses but argues that logic dictates that "the majority of fact witnesses, including witnesses related to the policy or the damage, including but not limited to, property inspectors, contractors, and insurance adjusters, are likely located in Ohio." (ECF No. 4, PageID.38.) It is not clear where the insurance adjuster listed in the complaint, Mark McCloskey, is located. (ECF No. 1-1, PageID.12.)

Although State Farm states that the policy was administered in Ohio, it provides no evidence to support this assertion and is, admittedly, a national

6

insurance company which transacts business in Michigan. For that reason, the Court cannot rely on logic alone to find in its favor on this element as this case is ultimately a contract dispute centered on the insurance policy and its terms, which does not necessarily require that the witnesses are in Ohio. It is within the realm of possibility that the adjustors and claim administrators who handled the policy are not located in the Southern District of Ohio. Furthermore, the location and identity of any such individuals, particularly any employees of State Farm, would be within State Farm's knowledge. As State Farm has failed to identify any specific witnesses, employee or otherwise, this factor weighs in Horton's favor as he has identified two witnesses in Michigan.

### c. Sources of Proof

The sources of proof weigh slightly in State Farm's favor as, although the property is in Ohio, it is unclear where the evidence surrounding State Farm's claims processing related to the policy at issue is located. In essence, Horton's action is a breach of contract claim arising out of State Farm's failure to timely respond to his appraisal demand. (ECF No. 1-1, PageID.11.) Although the condition of the property will undoubtedly be relevant, the claims process and contract interpretation will also be at the forefront of this case. As the insurance policy and other written documents relevant to the claims process are likely easily transmissible electronically, and State Farm has failed to identify the specific

location of other relevant evidence, this factor weighs only slightly in State Farm's favor due to the location of the property.

### d. Practicality, Process for Compelling Witnesses, and Cost of Obtaining Witnesses

Neither party addresses the process for compelling unwilling witnesses, the cost of obtaining willing witnesses, or the general practical difficulties in trying the case in Michigan versus Ohio. Given the lack of argument on each of these elements, and after a brief analysis, the Court finds them to be generally neutral. Michigan and Ohio are relatively close geographically and there is no indication that it would pose a significant logistical burden to try the case in one state or the other, given the fact it is primarily a contract dispute, and the evidence will likely center around the claims handling process. Furthermore, there is no indication that this case will involve any unwilling witnesses and the cost of obtaining witnesses is likely comparable for either jurisdiction.

### e. Interests of Justice

Finally, the Court finds that the interests of justice are neutral in this case as each state has an interest in the subject matter as the insured is in Michigan while the loss occurred in Ohio. At this stage it's unclear which state's law will apply, as the question has not been briefed. Further, the facts required to conduct the choice of law analysis are not in the record, including a complete copy of the relevant

8

insurance policy and the location where the insurance policy was executed. (*See* ECF No. 1-1, PageID.11.)

Finally, the Court finds that although the insurance policy contemplates that disputes regarding appraisal valuations will occur in the location where the loss occurred, the plain language of the provision leads to the conclusion that it does not apply to the instant dispute. (ECF No. 1-1, PageID.17.) The clause reads in relevant part as follows:

> If the two appraisers fail to agree upon the amount of the loss within 30 days… they will select a competent, impartial umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:
>
> > (1) You or we may make a written application for a judge of the circuit court in the same state and county… in which the loss occurred or where the residence premises is located.

(ECF No. 1-1, PageID.17.)

However, in this case there has been no appraisal performed by State Farm or dispute between two appraisers. There is no language in the clause from which the Court could infer that it is intended to apply to all disputes under the contract. For that reason, although the Court will weigh the clause slightly in favor of State Farm as it indicates the parties contemplated that some disputes would be adjudicated where the property was located, it is not dispositive.

## IV. CONCLUSION

Ultimately, State Farm's appeals to logic, without further factual support, are insufficient to outweigh the deference granted to Horton's choice of forum and the fact that at least two identified witnesses are located in Michigan. For the foregoing reasons, **IT IS ORDERED** that the motion to transfer (ECF No. 4) is **DENIED**.

**SO ORDERED**.

Dated: August 11, 2025               s/LINDA V. PARKER
                                     UNITED STATES DISTRICT JUDGE